**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-20297
Summary Calendar

_____


CHERYL E. HILL,

Plaintiff-Appellant


VERSUS


FORT BEND INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee


_____

Appeal from the United States District Court
For the Southern District of Texas
(H-99-CV-3961)
_____

September 26, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Cheryl Hill, has asserted claims of race and age

discrimination against the Defendant, Fort Bend Independent School

District,(hereinafter referred to as "FBISD" or the "District)

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

because of the District's failure to promote her to various administrative positions on numerous occasions. On appeal, Hill contends that the district court erred in granting summary judgment against her on each of her claims. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTS

Plaintiff Hill is a 53 year old black female who has worked as a teacher since 1970. In 1989, Hill began teaching in the FBISD. In 1994, she commenced an English as a Second Language ("ESL") teaching position at Townewest Elementary School in the District.

Hill alleges in this lawsuit that, since 1988, FBISD has denied her promotions to approximately twenty administrative positions because of her race and/or age in violation of both Title VII and the ADEA. Hill also contends that the District subjected her to a hostile working environment during her tenure as an ESL teacher, and unlawfully retaliated against her for filing an EEOC charge.

## II. STANDARD OF REVIEW

We review a district court's decision to grant summary judgment de novo, applying the standard set forth in Federal Rule of Civil Procedure 56. *See Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). Thus, we view all evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in the party's favor. *See Reeves v. Sanderson Plumbing*

2

*Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).

**III. ANALYSIS**

**1.   Continuing Violation Doctrine**

Plaintiff contends that the district court erred in finding that her nonpromotion claims prior to June 10, 1998 are time-barred due to her failure to file an EEOC charge within the required 300 day period.  We disagree.

A jurisdictional prerequisite to filing suit under both Title VII and the ADEA is that a plaintiff must file a charge of discrimination with the EEOC within three hundred days after learning of the alleged discriminatory conduct.  *See Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 & n.3.  However, the Fifth Circuit has recognized the continuing violation doctrine as an equitable exception to the statutory limitations period.  *See Huckaby v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

In *Huckaby*, the Court noted that, "[a]lthough there is no definitive standard for what constitutes a continuing violation, the plaintiff must demonstrate more than a series of discriminatory acts.  He must show an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, which gives rise to the cause of action."  *Id.* at 239.  Applying this

3

language to the case before it, the *Huckaby* Court found that the employer's failure to promote the plaintiff was an isolated occurrence which should have put the plaintiff on notice that a claim had accrued. *Id.* at 240. As such, the plaintiff's claims concerning his failure to be promoted were time-barred. *Id.* In light of *Huckaby*, we find that Hill's claims regarding her lack of promotions prior to June 10, 1998 are similarly time-barred.

**2. Race and Age Discrimination Claims**

Hill's claims for racial and age discrimination which are not time-barred are governed by the tripartite burden-shifting test established by *McDonnel Douglas v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this test, if Hill establishes a prima facie case of discrimination, the burden of production shifts to the District to articulate a legitimate, non-discriminatory reason for not selecting Hill. If the District satisfies this burden of production, Hill must prove that the legitimate reason offered by the District for not selecting her is not the true reason, but is merely a pretext for unlawful discrimination. *See Lindsey v. Prive Corp.*, 987 F.2d 324, 326 (5th Cir. 1993).

In order to establish the prima facie case of her Title VII failure to promote claim, Hill must demonstrate that she was: (1) within a protected class; (2)qualified for the positions sought; (3) not promoted; and (4) the positions she sought were filled by

4

someone outside the protected class. *See Blow v. City of San Antonio, Texas*, 236 F.3d 293, 296 (5th Cir. 2001). Hill must also satisfy these four elements to establish her prima facie case for her ADEA claim. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001).

In the instant case, Hill has satisfied the four prongs of the prima facie case for both her race and age discrimination claims. It is apparent that the first and third prongs are satisfied. With respect to the second prongs, the parties do not dispute that Hill had the general, minimal qualifications for many of the administrative positions sought. With respect to the fourth prongs, it is true that some of the administrative positions were filled by black applicants, and applicants over the age of forty. However, since various positions were filled by individuals outside the protected classes, the fourth prongs of both claims are also satisfied. *See Rios v. Rossotti,* 252 F.3d 375, 378 (5th Cir. 2001).

The District has also met its burden of producing a non-discriminatory reason for failing to promote Hill on each of the relevant occasions. Specifically, the District has articulated that Hill has not been promoted because she was never as qualified as the various candidates selected. However, Hill has failed to produce enough evidence to raise a material issue of fact concerning her contention that the District's explanation for

5

failing to promote her is pretextual for the following reasons.

First, there is absolutely no evidence that Hill was subjected to discriminatory racial or age-related remarks. Second, Hill has not produced any evidence which would demonstrate that she was more qualified than the applicants selected for the various administrative positions. Indeed, there is a dearth of evidence concerning the qualifications and abilities of the applicants hired to fill the positions sought by Hill. Without comparative evidence of a gross disparity between Hill's qualifications and those of the successful applicants, it is exceedingly difficult to rebut the District's assertion that Hill was not promoted because she was not the most qualified individual. *See Deines v. Texas Department of Protective and Regulatory Services*, 164 F.3d 277, 280 (5th Cir. 1999).

Third, and, perhaps of most importance, the evidence shows that many minority employees and employees over age 40 were actually hired to fill the positions that Hill sought. For example, Hill applied for an assistant principal position for the summer 1999 term and 1999-2000 school year. She was not hired for any of these positions. However, the District filled the four regular term elementary school assistant principal positions available for the 1999-2000 school year with a white individual, age 43, a black individual, age 26, a Hispanic individual, age 35, and a black individual, age 49. Of the individuals chosen as

6

summer school principals and assistant principals for summer 1999, four were white and three were black. Moreover, out of the approximately twenty-one positions in which Hill applied but did not garner a promotion, fifteen positions were filled by persons over the age of 40; nine positions were filled by whites, nine positions were filled by blacks; and three positions were filled by Hispanics. This numerical evidence tends to negate the inference that individuals were not being hired because of their race or age.

Fourth, attached to her summary judgment motion, Hill produced affidavits from several of her fellow teachers which praised her ability to teach reading. These affidavits tended to show that Hill was a good teacher who brought out the best in her students. In fact, Hill contends that because she has been a successful teacher for many years, she is better qualified for a promotion to an administrative position than younger, less experienced educators.

However, the District argues that making a decision upon the best applicant involves more than merely finding the person who has worked more years as a teacher. According to the District, there are a multitude of factors which are taken into account in the hiring decisions for administrative positions. These include an applicant's academic or technical preparation, certification, experience as it relates to the vacancy, recommendations and references, evaluations, suitability for the positions, and the

7

ability to interact with others.

At the summary judgment stage, the District introduced certain affidavits from Hill's supervisors which indicated that, despite her teaching abilities, Hill has certain personal characteristics which impede her ability to work well with others. Hill's alleged interpersonal relationship weaknesses, in combination with the fact that many black applicants as well as many individuals over the age of forty have successfully attained promotions similar to the ones sought after by Hill, severely undermine her contention that the District's stated reason for failure to promote her is a pretext for unlawful race and/or age discrimination.

In sum, Hill's prima facie case is weak, the probative value of her proof of pretext is low, and the District's statistical evidence is compelling. In the instant case, these factors negate any inference of racial and/or age discrimination. *See Reeves*, 120 S.Ct. at 2109. Therefore, Plaintiff failed to create a jury issue on whether the District's proffered reason for failing to promote her was a pretext for discrimination.

### 3. Hostile Working Environment Claim

The district court also did not err in dismissing Hill's hostile work environment claim. Although Hill makes several unsubstantiated allegations of general harassment, the crux of Hill's hostile working environment claim is that her supervisors constantly requested her schedules and asked her questions about

8

the ESL program.  We concur with the district court's determination that these types of complaints do not demonstrate that Hill has been subjected to racial or age-based harassment that is sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment.  *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986).

## 4.  Retaliation Claims

With respect to Hill's retaliation claims, we concur with the District Court's assessment that any alleged retaliation claims that occurred prior to May 30, 1999 are time-barred.  Furthermore, the record reflects that Plaintiff failed to demonstrate a causal connection between her filing of the April 5, 1999 EEOC charge and any adverse employment action.

## 5.  State Law Claims

Finally, Hill contends that her slander/defamation claims should not have been dismissed by the district court.  Her contention is without merit. An independent school district is an agency of the state and, while exercising governmental functions, is not answerable in a suit sounding in tort because of sovereign immunity. See *Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978). Although the Texas Tort Claims Act waives sovereign immunity under certain circumstances, the waiver of immunity for school districts is limited to claims arising from accidents involving the use of

9

motor-driven vehicles. *See LeLeauax v. Hamshire Fannet Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

**IV. CONCLUSION**

For the preceding reasons, the grant of summary judgment in favor of the District on each of Plaintiff's claims is AFFIRMED.