# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-60811
Summary Calendar

EMMA RUSH,

Plaintiff - Appellant,

versus

MISSISSIPPI PRESS,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi, Biloxi
USDC No. 1:00-CV-312-GR

April 3, 2002

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:[*]

Emma Rush appeals an adverse summary judgment dismissing her Title VII

claims against her employer, The Mississippi Press, for failure to promote and

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliation. Rush also appeals the dismissal of her state law claims for intentional infliction of emotional distress, negligence *per se*, and wrongful termination. Concluding that Rush failed to establish a *prima facie* case of Title VII discrimination and that her state law claims are either barred or lack merit, we affirm.

## BACKGROUND

Rush, an African American, began working for The Mississippi Press in September 1993. She initially worked part-time as an "Inserter," which required her to insert manually advertisements into newspapers. In November 1994 she was promoted to Dispatch Clerk, a full-time position with higher pay and more important job duties. Tommy Chelette, the Advertising Department Head and a Caucasian, was the supervisor who promoted Rush. Chelette reported to Wanda Jacobs, an African American, the publisher of The Mississippi Press.

After her elevation to Dispatch Clerk Chelette again promoted Rush to Advertising Clerk, a position involving more pay and more responsibilities. In 1999 Rush sought another promotion to Classified Supervisor, a supervisory position involving duties such as directing classified sales, overseeing classified advertising, evaluating employee performance, training new employees, in-person contact with customers, and solicitation of new business. Rush was not selected for the promotion. Instead, Jacobs and Chelette selected Gayle Buck, a Caucasion. On June 18, 1999

Rush filed a charge of discrimination with the Equal Employment Opportunity Commission, charging that she was denied the promotion to Classified Supervisor because of her race.

On January 25, 2000, Chelette communicated two policies to all Display Advertising employees, including Rush. The first policy concerned working hours. The second policy concerned The Mississippi Press' vacation policy. Chelette perceived that Rush was unhappy about the vacation policy and arranged a meeting between Rush, Jacobs, and himself. During the meeting, Rush conducted herself in an abrasive and insubordinate fashion. The next morning Rush was asked to meet again with Jacobs and Chelette, as well as Roy May, Rush's direct supervisor. Jacobs began the meeting by informing Rush that she had been out of line with her comments and tone the day before. Rush responded with continued abrasive and insubordinate behavior. Following the meeting Rush was discharged.

On February 1, 2000, Rush amended her EEOC charge to allege that she had been discharged in retaliation for having previously filed her EEOC failure-to-promote charge. On March 27, 2000, the EEOC issued its determination that Rush had failed to establish a violation to support either allegation.

## ANALYSIS

We review the district court's grant of summary judgment *de novo*.[1] Summary judgment is proper when there is no genuine issue as to any material fact.[2] A factual issue is material if its resolution could affect the outcome of the action.[3] In determining whether there is a genuine issue as to any material fact, all justifiable inferences will be made in the nonmoving party's favor, and we will "not weigh the evidence or evaluate the credibility of witnesses . . . ."[4] A "dispute about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] Therefore, summary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his *prima facie* claim.[6]

Title VII

Rush asserts that she was the victim of racial discrimination in that she was not promoted because of her race and was terminated in retaliation for having filed the previous EEOC charge against The Mississippi Press. To establish a *prima facie* case of racial discrimination to support her failure-to-promote claim, Rush was required to

---

[1] Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[2] Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[4] Id.

[5] Id.

[6] Celotex Corp., 477 U.S. at 322-23.

show that: (a) she is a member of a protected class; (b) she was qualified for the position sought; (c) she was not promoted; and (d) the position was filled by someone outside the protected class.[7] Once a *prima facie* case is established, the burden shifts to The Mississippi Press to demonstrate a legitimate nondiscriminatory reason for not promoting her.[8] The district court found that Rush established a *prima facie* case, but determined that she failed to show that the appellee's asserted nondiscriminatory reason for not promoting her was pretextual. The appellee maintains that Buck was more qualified for the position than Rush. Rush has failed to show that the appellee's articulated reason is pretextual.[9]

To establish her *prima facie* claim of retaliation, Rush must show that she engaged in protected behavior, The Mississippi Press took an adverse employment action against her, and there is a causal connection between her protected activity and the adverse employment action.[10] The district court found that Rush established the

---

[7] Oden v. Oktibbeha County, Miss., 246 F.3d 458, 468 (5th Cir. 2001), cert. denied, 122 S.Ct. 341-42 (2001).

[8] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

[9] Deines v. Texas Dep't of Protective and Regulatory Servs., 164 F.3d 277, 282 (5th Cir. 1999) (holding that "the employer's judgment as to qualifications will not be probative of the issue of a discriminatory motive unless the qualifications are so widely disparate that no reasonable employer would have made the same decision.").

[10] Haynes v. Pennzoil Co., 207 F.3d 296, 299 (5th Cir. 2000).

first two requirements, but failed to show a causal connection between her EEOC charge and her termination. The record establishes that Jacobs and Chelette were aware of Rush's EEOC filing for nearly six months prior to her termination and took no action against her, making it highly unlikely that the EEOC charge was a motivating factor in their discharge decision. In addition, even if Rush was able to establish a *prima facie* case of retaliation, her actions during the January meetings with her supervisors were a sufficient non-pretextual reason for her termination.

State Law Claims

Rush asserts that The Mississippi Press is liable for intentional infliction of emotional distress stemming from its failure to promote her and for her termination. To establish a *prima facie* case of intentional infliction of emotional distress, Rush was required to show intentional or reckless conduct by the defendant which was extreme and outrageous, and which caused the plaintiff severe emotional distress.[11] The district court found that Rush failed to demonstrate that the appellee's conduct was reckless, extreme, or outrageous, and that her reaction to not being promoted and to being terminated was not indicative of severe emotional distress. We are likewise persuaded. The record reflects that The Mississippi Press dealt with Rush as any business would

---

[11] Parikh v. United Artists Theatre Circuit, Inc., 934 F.Supp. 760, 765 (S.D. Miss. 1996), citing First Nat. Bank v. Langley, 314 So.2d 324 (Miss. 1975).

in promoting a more qualified person and in discharging her for insubordination. Rush's claim for wrongful termination, which essentially is a restatement of her Title VII claims, is totally without merit.

Finally, Rush's negligence *per se* action is barred by the Mississippi Workers Compensation Law as a claim grounded in negligence. That statute provides the exclusive remedy for employee actions against employers based in negligence.[12]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[12] See MISS. CODE § 71-3-9; see also Campbell v. Jackson Bus. Forms Co., 841 F.Supp. 772, 774-75 (S.D. Miss. 1994).