DENNIS, Circuit Judge,
specially concurring:
While I agree with much of the majority opinion, I write separately to express disagreement with the majority’s statement in a footnote that Price v. Federal Express Corp., 283 F.3d 715 (5th Cir.2002), established that Deines v. Texas Department of Protective & Regulatory Services, 164 F.3d 277 (5th Cir.1999), survived the Supreme Court’s decision in Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 120 *885 S.Ct. 2097, 147 L.Ed.2d 105 (2000). I believe that this remains an open question that we must resolve in a future, appropriate case.
In Reeves the Supreme Court rejected prior Fifth Circuit jurisprudence holding that a plaintiff needed evidence beyond evidence showing that an employer’s proffered non-discriminatory reason for an employment decision is false in order to establish a Title VII claim. Rather, a plaintiffs prima facie case combined with evidence that the employer’s stated reasons are false can be sufficient grounds to support a verdict for a plaintiff. Reeves, 530 U.S. at 148, 120 S.Ct. 2097.
Whether the “clearly better qualified” standard articulated in Reines is consistent with Reeves is unclear. While Reines could be read, in accordance with Reeves, to merely state the standard of proof required to establish that the employer’s stated reasons are false, the opinion specifically denied that the test it applied did so. See Reines, 164 F.3d at 281. The opinion’s stated purpose of describing the “quality” of evidence needed to establish the “ultimate fact” of intentional discrimination, id., sounds suspiciously similar to the requirement of additional evidence of intentional discrimination beyond proof of falsity that the Supreme Court found inconsistent with Title VII in Reeves. And contrary to the majority’s suggestion, our continued application of Reims in Price without analysis of whether Reines survived Reeves does not establish that Reines is still good law. Rather, it merely shows that litigants in Price failed to properly raise the issue of Reines’ vitality.
Thus, I believe that this court must one day confront whether Reines is still good law. This, however, is not that day, as Manning has introduced no relevant evidence suggesting that his employer’s proffered explanation is false. Most of Manning’s rebuttal evidence consists of conclusory assertions insufficient to withstand summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.2002). The remaining evidence consists of Manning’s different educational background and additional years of experience in his current position, both of which Chevron has established were not criterion for the T-l position. In fact, as the majority accurately explains, Manning has all but admitted that at least one of the people who received the job instead of him was as well qualified for the position as he was. Hence, I believe that we should affirm the district court’s grant of summary judgment here without reaching the thorny question of whether the Reines’ “clearly better qualified” standard remains good law.