**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51318

Summary Calendar

_____

JAMES H BELCHER

              Plaintiff - Appellant

    v.

JAMES D ROCHE, Secretary of the U S Air Force

              Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas
SA-00-CA-1052-OG
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    The plaintiff, James Belcher, appeals the grant of summary

judgment in favor of the defendant, the Secretary of the United

States Air Force ("Air Force"), and final judgment of dismissal,

in which the district court dismissed all nine of the Belcher's

civil rights claims with prejudice.  Belcher also appeals the

district court's order denying his motions to compel documents.

    On September 21, 2000, Belcher brought suit, pro se, raising

nine claims of unlawful discrimination against the Air Force.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The facts underlying these claims arose in connection with Belcher's civilian employment as a GS-6 medical technician at Armstrong Drug Testing Laboratory on Brooks Air Force Base in San Antonio, Texas, from sometime in 1996 until his termination on October 18, 1997.  Specifically, in his complaint, Belcher contends that the following acts by the Air Force were the result of race discrimination and age discrimination: (1) he was not selected for a promotion on April 12, 1996; (2) he received a "decertification" on June 27, 1996;[**] (3) he receive an annual performance rating of "excellent" rather than "superior" on August 15, 1996; (4) he received a second "decertification" on November 7, 1996; (5) he received a third "decertification" on February 14, 1997; (6) he received an annual performance rating of "unacceptable" on April 2, 1997; (7) the Air Force issued a "performance improvement period" ("PIP") on April 2, 1997; (8) the Air Force placed two negative memoranda regarding his job performance in his personnel file on July 28 and August 8, 1997; and (9) he was involuntarily removed from federal service employment on October 17, 1997.

Upon review of the district court's thorough twenty-two page opinion, we agree with the district court that the lion's share of Belcher's claims are not actionable "adverse employment actions" under Title VII of the Civil Rights Act of 1964 and the

---

[**]Air Force regulations require technicians to be certified in order to perform extraction and instrumental analysis procedures.  A decertification may result, as in this case, from tube swaps – causing tubes containing laboratory specimens awaiting testing to be out of order or causing the contents of these tubes to be transferred into another sample.

Age Discrimination in Employment Act. Specifically, all but two of Belcher's claims are inactionable because they are "interlocutory or mediate" decisions that might lead to ultimate decisions rather than "ultimate employment decisions," such as hiring granting leave, discharging, promoting or compensating. Watts v. Kroger Co., 170 F.3d 505, 511-12 (5th Cir. 1999).

As to Belcher's remaining two claims - his failure to promote claim and his wrongful termination claim - Belcher has simply failed to proffer any competent summary judgment evidence demonstrating a genuine issue of material fact regarding whether the Air Force's decisions were motivated by discrimination. See Deines v. Tex. Dept. Of Protective and Regulatory Serv., 164 F.3d 277, 281 (5th Cir. 1999). To the contrary, the undisputed record reveals that Belcher was terminated only after being decertified on three separate occassions within a one-year period and only after being given four separate opportunities to gain re-certification, none of which was successful.

We further find that the district court did not abuse its discretion in denying Belcher's motions to compel evidence. On April 17, 2001, Belcher submitted a document production request with eleven separate production items to the Air Force, to which the Air Force timely responded on June 4, 2001. Consistent with Belcher's request, the Air Force identified 450 pages of responsive documents which had also been produced in response to similar discovery requests during administrative proceedings. The Air Force also certified that two separate searches for responsive documents (totaling over thirty hours of search time)

had been made.  Before the Air Force's deadline to respond to the discovery requests had expired, on May 21, 2001, Belcher submitted (but did not file) a motion to compel documents with the district court.  This motion was denied by the district court on June 8, 2001.  On June 27, 2001, Belcher filed a renewed motion to compel, contending that the Air Force had destroyed evidence.  This motion was also denied by the district court.  As the Air Force has consistently supplied Belcher with documentation throughout the long course of this litigation - which has included review by two separate EEOC administrative judges, the EEOC's office of federal operations, the merit systems protection board and the district court, we are not persuaded by Belcher that the district court abused its discretion in denying his motions to compel here.

We AFFIRM.