[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2005
THOMAS K. KAHN
CLERK

No. 04-16058
Non-Argument Calendar
_____

D.C. Docket No. 02-00187-CV-WLS-1

JAMES M. GOODMAN,

                                        Plaintiff-Appellant,

        versus

GEORGIA SOUTHWESTERN, Georgia Southwestern
State University, MICHAEL HAINES, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

**(September 6, 2005)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

James M. Goodman, an African-American male proceeding pro se, appeals the district court's grant of the defendants' motion for summary judgment in his action against Georgia Southwestern State University and certain individuals [hereinafter collectively known as "GSW"] for discrimination on the basis of race and sex, raised pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2, for failing to hire him. On appeal, Goodman raises procedural as well as substantive challenges. Procedurally, he argues that the district court committed reversible error by mismanaging the discovery process when, among other things, it: (1) did not order the defendants to produce all documents dating as far back as 15 years or more, including official grievances, complaints, civil actions involving discrimination on the part of the university and the Board of Regents; (2) denied his motion for an evidentiary hearing and stay of summary judgment and motion for partial reconsideration; (3) waited until after the discovery period before ruling on his pending motions; and (4) failed to invoke Rule 56(f). Substantively, he argues that he presented evidence to show that GSW's legitimate non-discriminatory reasons for hiring another candidate for each position were a pretext for race and sex discrimination.

## I. Court's Management of Discovery

We review a district court's discovery rulings for abuse of discretion. <u>Iraola & CIA , S.A v. Kimberly-Clark Corp.</u>, 325 F.3d 1274, 1286 (11th Cir. 2003). "District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential." <u>Harris v. Chapman</u>, 97 F.3d 499, 506 (11th Cir. 1996). "Moreover, we will not overturn discovery rulings unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case." <u>Iraola</u>, 325 F.3d at 1286 (internal quotations omitted).

"Courts do and should show a leniency to <u>pro se</u> litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of <u>pro se</u> litigants this leniency does not give a court license to serve as <u>de facto</u> counsel for a party." <u>GJR Investments v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). Once a <u>pro se</u> litigant is in court, "he is subject to the relevant laws and rules of the court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989). "[We have] written that discovery in Title VII cases is not without limits. The information sought must be relevant and not overly burdensome to the responding party." <u>Wright v. AmSouth Bancorporation</u>, 320 F.3d 1198, 1205 (11th Cir. 2003).

Likewise, a district court's refusal to grant a continuance of a summary judgment motion in order to conduct discovery is reviewed for an abuse of

discretion.  <u>Burks v. Am. Cast Iron Pipe Co.</u>, 212 F.3d 1333, 1336 (11th Cir. 2000).

Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  "The right to a continuance is built into the rules to guard against the premature entry of summary judgment.  Subsection (f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof."  <u>Barfield v. Brierton</u>, 883 F.2d 923, 931 (11th Cir. 1989) (internal quotations and citation omitted).  A party requesting such a continuance, however, is required to present an affidavit explaining specifically his failure to respond to the motion for summary judgment.  <u>Id.</u>  "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed but unspecified facts but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions."  <u>Id.</u> (internal quotations and citation omitted).

4

The district court did not abuse its discretion in how it managed the discovery process. As we have stated, discovery in Title VII cases is not without its limits, and the district court, after nine months, was well within its discretion to deny Goodman's motions seeking further discovery. See Wright, 320 F.3d at 1205. In asking for records and documents extending as far back as 15 years or more, Goodman made discovery requests that the district court correctly found to be overly broad, burdensome, and irrelevant. Moreover, Goodman, on appeal, has not tried to identify particular items within his expansive request nor has he provided a theory of relevance that might narrow the scope of his requests. See id.

Furthermore, the district court was well within its discretion in denying Goodman's motion for an evidentiary hearing and stay of summary judgment and motion for partial reconsideration. In these motions, Goodman was essentially requesting that the court act as his de facto counsel in conducting discovery. See GJR Investments, 132 F.3d at 1369. The fact that Goodman lacked the financial means to conduct effective discovery does not impose a duty on the court to hold an evidentiary hearing in lieu of Goodman taking his own depositions.

Regarding the court's decision to wait until after the discovery period closed before ruling on his pending motions, Goodman fails to show how the court's ruling resulted in substantial harm to his case. See Iraola, 325 F.3d at 1286.

5

Finally, in order to properly invoke Rule 56(f), a party is required to present an affidavit explaining specifically why he failed to respond to the motion for summary judgment " Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989). Goodman, however, failed to provide such an affidavit.

## II. Summary Judgment

We review the district court's grant of a motion for summary judgment de novo, "applying the same legal standards that bound the district court." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1279 (11th Cir. 2004). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

According to the Supreme Court, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S.

6

317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quotation omitted).  After

the movant satisfies this requirement, the burden shifts to "the adverse party [who]

must set forth specific facts showing that there is a genuine issue for trial."

Anderson, 477 U.S. at 250, 106 S.Ct. at 2511 (quotation omitted).  "[T]his standard

provides that the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary

judgment."  Id. at 247-48, 106 S.Ct. at 2510.  The non-moving party "must do more

than simply show that there is some metaphysical doubt as to the material facts."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct.

1348, 1356, 89 L.Ed.2d 538 (1986).  We have held that "[a]ll reasonable inferences

arising from the undisputed facts should be made in favor of the nonmovant, but an

inference based on speculation and conjecture is not reasonable."  Blackston v.

Shook and Fletcher Insulation Co., 764 F.2d 1480, 1482 (11th Cir. 1985) (citation

omitted).

To establish a prima facie case for disparate treatment,[1] a plaintiff may

produce circumstantial evidence showing that: (1) he is a member of a protected

class; (2) he was qualified for and applied for a position; (3) that despite his

---

[1]The district court below reviewed the record and found that Goodman also failed to make a prima facie case for disparate impact.  After reviewing the record, we agree with the lower court's finding that Goodman's disparate impact case was without merit.

7

qualifications, he was rejected; and (4) after his rejection, the employer either attempted to fill the position or in fact filled it with someone outside of the protected class. See Walker v. Mortham, 158 F.3d 1177, 1186 (11th Cir. 1998).

Once a prima facie case is established, it raises a presumption that the employer discriminated against the employee, and the employer then has the burden to articulate a legitimate, non-discriminatory reason for the employment decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). If the defendant successfully rebuts the plaintiff's prima facie case by articulating a legitimate non-discriminatory reason, then the presumption of discrimination is eliminated. Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004). "To survive summary judgment, the plaintiff must then come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Id. (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997)).

Furthermore, in order to show pretext, the plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable

8

factfinder could find them unworthy of credence.  Id.  "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim."  Id. (quoting Chapman v. AI Transp., 229 F.3d, 1012, 1024-25 (11th Cir. 2000)).  We are "not in the business of adjudging whether employment decisions are prudent or fair.  Instead, [our] sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."  Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999).

Regarding the use of subjective evaluations of a job candidate, we have stated that "subjective evaluations of a job candidate are often critical to the decisionmaking process."  Chapman, 229 F.3d at 1033.  We have further stated about the importance of the interview process:

> Attitude, articulateness, and enthusiasm, as well as appearance, can be vitally important in such a job, yet there are few if any ways to gauge such qualities objectively or from a written application. Interviews give prospective employers a chance to see if an applicant has the kind of personal qualities a service job requires and can be the best way an employer has to determine how a person interacts with others. Body language, tone of voice, eye contact, facial expressions and other non-verbal cues significantly affect the impression an applicant makes on the interviewer and will make on those whose business the company wants to attract or retain, but such things are hard to quantify and articulate with any precision and can only be evaluated subjectively. Personal qualities

9

also factor heavily into employment decisions concerning supervisory or professional positions.

Id. "Traits such as common sense, good judgment, originality, ambition, loyalty, and tact often must be assessed primarily in a subjective fashion, yet they are essential to an individual's success in a supervisory or professional position." Id. at 1034 (internal citations and quotations omitted). As we have noted, "it is inconceivable that Congress intended anti-discrimination statutes to deprive an employer of the ability to rely on important criteria in its employment decisions merely because those criteria are only capable of subjective evaluations." Id.

Turning to another potential means of establishing pretext, evidence that the plaintiff was qualified for a position is rarely sufficient to demonstrate pretext:

> a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race [or gender]. We have explained, a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where . . . the reason is one that might motivate a reasonable employer.

Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000) (citing Combs, 106 F.3d. at 1543). In other words, "disparities in qualifications are not enough in and of themselves to demonstrate discriminatory intent unless those disparities are

10

so apparent as virtually to jump off the page and slap you in the face." Lee v. GTE Florida, Inc., 226 F.3d 1249, 1254 (11th Cir. 2000) (quoting Deines v. Texas Dep't of Protective and Regulatory Servs., 164 F.3d 277, 280 (5th Cir. 1999)).

The evidence here showed that a search committee for GSW determined that Goodman had little or no experience working in a college/university setting and that he did not perform well during his interview. Thus, the burden was on Goodman to show that these reasons were pretexts for race or sex discrimination.

The evidence showed that one of the individuals selected (Parnell) had a Master's degree in education and had extensive experience working in a college/university setting. In comparison, Goodman's experiences working in a college/university setting were less extensive and more remote in time. Moreover, even if we accept as true Goodman's assertion that he was better qualified than the other candidates, he still failed to show pretext. As we have stated, a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the person who received the position he coveted. Alexander, 207 F.3d at 1339.

The fact that the university's hiring decision was based in part on subjective factors is not evidence of pretext. Goodman's poor interview performance is a valid reason for the defendants not to hire him. We have stated that subjective

11

evaluations of a job candidate are often critical to the decisionmaking process, and that interviews give prospective employers a chance to see if an applicant has the kind of personal qualities a service job requires and can be the best way an employer has to determine how a person interacts with others. Chapman, 229 F.3d at 1033-34.

Importantly, Goodman did not produce any evidence of sexual bias, and can only point to one question asked during his interview as evidence of racial bias. However, this one question alone fails to show, in light of the whole record, that the employment decision was motivated by his race.

Based on review of the record and the parties' briefs, we find no reversible error. For the above stated reasons, we affirm the district court's grant of the defendants' summary judgment motion.

**AFFIRMED.**[2]

---

[2] Goodman's request for oral argument is denied.