**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-20985

THEODORE HAYNES, JR.,

Plaintiff-Appellant,

versus

PENNZOIL COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

April 4, 2000

Before KING, Chief Judge, and REAVLEY and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Theodore Haynes ("Haynes") appeals the district court's grant of summary judgment in favor of appellee Pennzoil Company ("Pennzoil") on his claims of retaliation and racial discrimination. For the following reasons we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Haynes, who is African-American, began working for Pennzoil in 1985 as an accountant. In 1991, Haynes requested an educational leave of absence to attend law school. Pennzoil denied this request explaining that all educational leaves should be associated with work related activities. Haynes filed an EEOC complaint and an eventual lawsuit under Title VII claiming that Pennzoil denied his educational leave request because of his race. This lawsuit was settled. Pennzoil agreed to reinstate Haynes to his accounting position, and the settlement agreement stated that Pennzoil did not "undertake any obligation to assign [Haynes] or consider him for any position in Pennzoil's legal department."

In 1993, after Haynes graduated from law school he returned to an accounting position at Pennzoil. Soon thereafter Haynes wrote a memo to the accounting personnel department inquiring about jobs in Pennzoil's legal department. Haynes then submitted an application for a legal position. Pennzoil responded by informing Haynes that no general applications would be accepted, and that the application must include a specific position and corresponding position number. Pennzoil also informed Haynes that open positions for which applications were being sought were generally announced via job postings. In spring 1993, Pennzoil hired two white attorneys as contract attorneys, and in 1994 promoted both of these attorneys to permanent positions. Both of these attorneys were experienced in litigation and oil and gas law. In spring 1995, Pennzoil hired one white attorney with fifteen years of legal experience, and another white attorney with three years experience. In March 1995, it hired a white attorney as a "contract legal assistant." In April 1996, after Haynes was discharged, Pennzoil elevated this attorney from a legal assistant to a full time attorney.

In October 1995, Pennzoil determined that its corporate structure needed to be streamlined and that two accountants in Haynes' division should be discharged. The employees in Haynes' division were ranked in September 1995. It was decided that the two lowest ranked employees were to be discharged. Under this system, Haynes, along with a white accountant, were discharged.

In 1996, Haynes filed suit alleging that Pennzoil violated Title VII by failing to consider him for positions in their legal department, and by discharging him in retaliation for his civil rights complaints. In July 1997, the district court granted summary judgment in favor of Pennzoil. In an unpublished opinion this court reversed the summary judgment finding that the district court erred in failing to require that Pennzoil authenticate the documents considered by the court as summary judgment evidence. The court remanded the case for further proceedings consistent with the opinion on the issues of: 1) "Haynes's termination (including his retaliatory discharge claim) and, 2) on Pennzoil's failure to consider Haynes for an attorney position." On remand, the district court entered summary judgment in favor of Pennzoil.

DISCUSSION

2

We review the district court's grant of summary judgment de novo, applying the standards which guided the district court. Moore v. Eli Lily & Co., 990 F.2d 812, 814 (5th Cir. 1993). Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

I.    Retaliation Claim

Haynes argues that the district erred in failing to find that his discharge from Pennzoil was the result of retaliation against him for filing an EEOC complaint. Under Title VII it is an unlawful employment practice for any employer to discriminate against an employee for making a charge under Title VII. 42 U.S.C. § 2000e-3(a). In order to prove a prima facie case in a retaliation claim the employee must show: (1) that the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between the protected activity and the adverse employment action. Mattern v. Eastman Kodak Co., 104 F.3d 702, 705 (5th Cir. 1997) (citations omitted); Long v. Eastfield College, 88 F.3d 300, 304-305 (5th Cir. 1996). The burden-shifting structure applicable to Title VII disparate treatment cases, as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973), is applicable to Title VII unlawful retaliation cases. Therefore, once the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action. Id. If the defendant introduces evidence which, if true, would permit the conclusion that the adverse employment action was nondiscriminatory, the focus shifts to the ultimate question of whether the defendant unlawfully retaliated against the plaintiff. Id.

Haynes did engage in a protected activity under Title VII. An employee has engaged in activity protected by Title VII if he has either (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e- 3(a). By filing a complaint against Pennzoil with the EEOC Haynes engaged in a protected activity. Next,

3

it is clear that there was an adverse employment action taken against Haynes. It is undisputed that Haynes was discharged by Pennzoil in January 1996.

Therefore, the major contention between the parties is whether there is a causal connection between Haynes' discharge from Pennzoil and his engaging in the protected activity of filing an EEOC complaint. First, the record supports Pennzoil's position that Haynes' discharge was part of a larger corporate restructuring plan, in which there were a series of layoffs. Haynes presented no evidence to demonstrate that his low rankings which led to his discharge were a product of racial discrimination. Also, the causal connection between Haynes' discharge and the EEOC complaint is unlikely because the EEOC complaint was filed on January 12, 1996 and not mailed to Pennzoil until January 18. Haynes was discharged January 18, 1996, therefore Pennzoil did not receive the EEOC complaint until after Haynes was discharged.[1] Thus, the district court properly granted summary judgment in favor of Pennzoil on Haynes' retaliation claim.

II.    Failure to Consider for Attorney Position

As discussed above, in order to overcome a motion for summary judgment on a Title VII discrimination claim, the plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. Shackelford v. Deloitte & Touche, 190 F.3d 398, 404 (5th Cir. 1999); McDonnell Douglas Corp., 411 U.S. at 801-803. A prima facie case in a failure to promote case such as this one is established when the plaintiff has shown that he (1) is a member of a protected class; (2) he sought and was qualified for the position; (3) he was rejected for the

---

[1] Haynes argues that the district court erred in failing to consider evidence of a general "atmosphere of discrimination" at Pennzoil in considering whether Pennzoil retaliated against him. Haynes offered several affidavits from other Pennzoil accounting employees who stated that they felt they had been discriminated against by Pennzoil based on race. The district court considered these affidavits to be irrelevant to Haynes's claim. Haynes cites this courts decisions in Polanco v. City of Austin, 78 F.3d 968, 980 (5th Cir. 1996), and Kelly v. Boeing Petroleum Servs., 61 F.3d 350, 358-59 (5th Cir. 1995) for the proposition that evidence of general hostile treatment of minorities in the work environment is "probative." Assuming arguendo that the district court should have considered evidence proving a general atmosphere of discrimination, this evidence would not have established a causal connection between Haynes' discharge and his EEOC complaint.

4

position; and (4) that the employer continued to seek applicants with the plaintiff's qualifications. See Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996). The prima facie case, once established, raises an inference of intentional discrimination; and the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. See Meinecke v. H & R Block, 66 F.3d 77, 83 (5th Cir.1995) (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248. 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. Shackelford, 190 F.3d at 404. Once a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination. Id. (citing Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir.1996).[2]

Haynes claims that Pennzoil violated Title VII by failing to allow him to apply and failing to consider him for a position in the legal department. Haynes contends that he was qualified to apply and be considered for a legal position because he had graduated from law school and passed the Texas bar examination. Pennzoil counters that Haynes was not qualified for a position in the legal department, because the company did not have any openings for an entry level attorney at the time of Haynes' inquiry about legal positions.[3] At the prima facie stage the plaintiff must only prove by a preponderance of the evidence that he applied for and was qualified for an available

---

[2] Haynes claims that the McDonnell Douglas framework need not be applied to his case because there is direct evidence of disparate treatment. Despite this assertion Haynes does not specifically identify any direct evidence of disparate treatment. Haynes also argues that when there is evidence of disparate treatment the issue of the employee's qualifications need not be addressed to make a prima facie showing of discrimination. However, Haynes has failed to identify this "direct evidence," and after careful review of the record we have not located this evidence.

[3] Haynes cites this court's decision in Deines v. Texas Department of Protective and Regulatory Services, 164 F.3d 277, 281 (5th Cir. 1999) for the proposition that in determining whether or not there is discriminatory intent, there should be no consideration given to the relative qualifications of the plaintiff. Deines is not on point. The discussion in Deines refers to the comparison of qualifications at the pretext stage of the McDonell Douglas analysis. This court in Deines, did not find that relative qualifications were irrelevant at the prima facie stage, instead the case only addressed the consideration of qualifications at the pretext stage.

5

position. <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164, 186-87, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

In the present case, Haynes has not established that he was qualified for the four attorney positions which were filled by Pennzoil after he submitted an application for a legal position in December 1993. All four attorneys hired by Pennzoil had experience as oil and gas attorneys. Haynes was discharged in January 1996. The attorney who was hired as a contract legal assistant in March 1995, was not promoted to an attorney position until March 1996. The record supports Pennzoil's contention that this attorney position did not become available until after Haynes had been discharged. Thus, Haynes has failed to establish a prima facie case of racial discrimination under Title VII, because he was unable to demonstrate that he applied and was qualified for any of the legal positions available at Pennzoil.

CONCLUSION

For the above reasons we find that the district court did not err in granting summary judgment in favor of Pennzoil.


AFFIRMED.