United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 03-30131
Summary Calendar

———————————

RISSA MCWILLIAMS POPE,

Plaintiff-Appellant,

versus

BOISE CASCADE CORP.,

Defendant-Appellee.

———————————

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 00-CV-2072)

_____

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:*

Rissa Pope appeals the summary judgment entered against her in her suit under the

Americans with Disabilities Act (ADA). In ADA cases we employ the burden-shifting

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

analysis applicable to Title VII cases. See McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 279 (5th Cir. 2000). The plaintiff's first step in making a prima facie case is to show that she is disabled or is regarded as disabled. Id. Pope does not claim that she was disabled, but proceeded on the theory that she was regarded as disabled by her employer, appellee Boise Cascade Corp. The definition of disabled includes being regarded as having a disability. 42 U.S.C. § 12102(2)(C).

The record shows that Boise Cascade revoked an employment offer to Pope when it came to believe that she might have attempted suicide. After Pope's counsel contacted Boise Cascade, it reconsidered its decision and hired Pope on a probationary basis. We assume without deciding that Pope raised a genuine issue of material fact in support of her claim that she was regarded as disabled, although this issue was disputed and the district court found otherwise. Pope indisputably suffered an adverse employment action in that she was terminated, and we further assume that she otherwise established a prime facie case of disability discrimination. Therefore, the burden of production shifted to Boise Cascade to articulate a legitimate, non-discriminatory reason for her termination. Boise Cascade did so with evidence that Pope was terminated because of several incidents accurately described by the district court, including the submission of a diluted urine sample for drug testing.

The burden then shifted to Pope to offer evidence of pretext, and summary judgment was appropriate if she failed to meet this burden. See Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002); Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th

2

Cir. 2000).  The plaintiff must offer substantial evidence of pretext amounting to more than her subjective belief of discrimination.  Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 402-03 (5th Cir. 2001) (affirming summary judgment).

Summary judgment may be awarded if, as to an issue on which the nonmoving party has the burden of proof, there is insufficient evidence for a jury to return a verdict for that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. (citations omitted).  We have reviewed the record and agree with the district court that Pope failed to make an evidentiary showing of pretext sufficient to defeat defendant's summary judgment motion.  Pope's brief on appeal, without a single citation to the record, fails to persuade us otherwise.

AFFIRMED.