United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-30817
Summary Calendar
_____

JANET PIPPINS,

Plaintiff-Appellant,

versus

TANGIPAHOA PARISH COUNCIL; GORDON BURGESS,
Individually and in His Official Capacity as Duly Elected
Tangipahoa Parish President,

Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:03-CV-1334)
_____

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

The judgment is affirmed for the following reasons:

1. We essentially agree with the analysis of the district court as set forth in the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge's Order and Reasons.

2. For the Louisiana whistleblower statute, La. Rev. Stat. Ann. § 23:967 (West 1998), to apply, the employer must have committed a violation of state law. Puig v. Greater New Orleans Expressway Comm'n, 772 So.2d 842, 845 (La. Ct. App. 2000). The policy decision of the parish to limit animal cruelty investigations by the animal control department to pets, and to leave livestock cruelty investigations to other law enforcement officials with concurrent jurisdiction over such investigations, was not illegal or a violation of state law.

3. Summary judgment was also warranted on the Title VII sex discrimination claim. The district court did not misunderstand or misapply the law governing such claims. Assuming that appellant Pippins established a prima facie case, the defendants offered legitimate nondiscriminatory reasons for her termination. Summary judgment was therefore appropriate if the plaintiff failed to present sufficient evidence of pretext under the summary judgment standard. See Price v. Federal Express Corp., 283 F.3d 715, 720 (5th Cir. 2002). Furthermore, a showing that the defendant's proffered justifications for the employment decision were rejected in part does not necessarily preclude summary judgment. Id. "Once a Title VII claim reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th Cir. 2000). We agree with the district court that Pippins did not present sufficient evidence of pretext for a rational jury to decide this case in her favor by finding

2

that her termination was due to her gender.  The evidence of sexual discriminations was limited to the prima facie proof that a man replaced her, while the evidence that she was fired for other reasons, including her failure to keep the department within its budget and the failure to follow the parish policy regarding livestock, was relatively so substantial that a rational jury could not find on this record that Pippins was terminated for discriminatory reasons.

AFFIRMED.