Myra Ann LAVERGNE

v.

HCA INC., Kingwood Medical Center, Cindy Olvera and Suzanne Pilette.

No. 1:05–CV–356.

United States District Court, E.D. Texas, Beaumont Division.

Aug. 31, 2006.

---

Myra Ann Lavergne, Raywood, TX, pro se.

Nancy Lynne Patterson, Suzanne Kimberly Sullivan, Baker & Hostetler, Houston, TX, for HCA Inc., Kingwood Medical Center, Cindy Olvera and Suzanne Pilette.

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THAD HEARTFIELD, District Judge.

The court referred this case to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report and Recommendation of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence.

This is a *pro se* employment discrimination and retaliation action under "Title VII" (Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e–17). The magistrate judge recommended that defendants' motion for summary judgment be granted because (a) Title VII does not authorize private causes of actions against supervisors (defendants Olvera and Pilette); (b) plaintiff fails to present evidence sufficient to raise a genuine issue of material fact as to whether defendant HCA, Inc. and plaintiff's direct employer are a single, integrated enterprise such that Title VII liability may be imposed on HCA, Inc.; and (c) plaintiff—having elected to rely on unverified and conclusory allegations of her complaint rather than respond to defendants' motion with controverting evidence—fails

to present evidence sufficient to raise a genuine issue of material fact on each essential element of her claims against her direct employer, Kingwood Medical Center.

On August 21, 2006, plaintiff submitted a letter addressed to the judges handling this case. Plaintiff does not state explicitly that she objects to the magistrate judge's recommendation. Moreover, plaintiff does not challenge the magistrate judge's proposed findings of fact, conclusions of law, or legal analysis. Rather, plaintiff simply reasserts her sincere belief that the claims asserted here are meritorious, and she suggests further that this action served a noble purpose in that it caused defendant Kingwood to change its employment practices and hire minorities to fill management positions. Plaintiff also reports her personal developments during the pendency of this suit. She states that notwithstanding her husband's illness and required multiple surgeries, and also her displacement caused by Hurricane Rita, she will soon complete her master's degree in nursing, and plans to stand for election to the Texas Legislature.

Plaintiff's individual perseverance and individual accomplishments are inspiring, but they do not equate to objections meriting rejection of the magistrate judge's report and recommendation. Upon conducting a *de novo* review of the magistrate judge's report and plaintiff's response, the court concludes that the findings of fact and conclusions of law of the magistrate judge are correct. Accordingly, the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** that "Defendants' Motion for Summary Judgment" (Docket No. 18) is **GRANTED**. It is further

**ORDERED** that the reference to the magistrate judge is **VACATED**.

The court will enter final judgment separately.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

EARL S. HINES, United States Magistrate Judge.

This matter is referred to the undersigned magistrate judge for pretrial proceedings pursuant to General Order 05–07.[1] Pursuant to recent instructions of the district judge to whom this action is assigned for trial, this report addresses defendants' pending motion for summary judgment.

### NATURE OF SUIT

This is a pro se employment discrimination and unlawful retaliation suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e–17 (Title VII).

Plaintiff, Myra Ann LaVergne, is black, and was employed as a nurse at Kingwood Medical Center. She alleges that defendants did not promote her because of her race, and instead, hired a less experienced white nurse on two occasions. Further, she alleges that she called a corporate ethics hotline about defendants' failure to promote her and defendants later retaliated by wrongfully writing her up for alleged misconduct. Plaintiff also claims that her subsequent resignation was because defendants *"were threatening her license."*

Defendants are Kingwood Medical Center (Kingwood), an acute-care hospital in

1. Referral of pretrial case management to United States magistrate judges is authorized by 28 U.S.C. § 636(b)(1)(A) and E.D. Tex. Local Rules, app. B, Rule 1(D)(1). Unless all parties consent to trial before a magistrate judge, trial and entry of final judgment will be handled by the district judge to whom the case is assigned.

southeast Texas; HCA, Inc., an affiliated organization; and two former supervisors, Cindy Olvera and Suzanne Pilette.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants seek dismissal of all claims brought by plaintiff. Specifically, their motion asserts that as a matter of law, Title VII provides no cause of action against HCA Inc. and supervisors Olvera and Pilette because they were not plaintiff's employer. Further, defendants assert that plaintiff's employer, Kingwood, is entitled to summary judgment because plaintiff has failed to present evidence sufficient to raise a genuine issue of material fact for trial as to her claims for race-based failure to promote and retaliation.

Plaintiff has not filed a response, notwithstanding that the motion has been pending for almost three months and that the court extended the deadline for responding until June 19, 2006.

### STANDARDS FOR SUMMARY JUDGMENT

Standards governing pretrial motions for summary judgment are well-settled. Summary judgment is appropriate only when, viewing the *evidence* in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* Fed. R.Civ.P. 56(c). An issue is *genuine* if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is *material* when it is relevant or necessary to the ultimate conclusion of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

Summary judgment is proper only after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The admissibility of evidence is subject to the same standards and rules that govern the admissibility of evidence at trial. *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 650 n. 3 (5th Cir.1992).[2] In evaluating parties' evidence, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

Weighing conflicting evidence is not appropriate at the summary judgment stage: "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are *jury* functions." *Hunt v. Cromartie,* 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999) (citing *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505) (emphasis added). At the summary judgment stage, courts must not weigh the evidence and determine which party has the strongest argument; instead, courts must simply determine whether there is a genuine issue for trial.

---

**2.** Local court rules also govern consideration of motions for summary judgment. E.D. Tex. Local Rule CV–56(b) states:

Any party opposing the motion should serve and file a response that includes in the text of the response or as an appendix thereto, a "Statement of Genuine Issues." The response should be supported by appropriate citations to proper summary judgment evidence as to which it is contended that a genuine issue of material fact exists. Proper summary judgment evidence should be attached to the response in accordance with the procedure contained in section (d) of this rule.

*Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

## DISCUSSION

### A. Threshold Procedural Issues

Plaintiff has failed to respond to defendants' motion notwithstanding ample time for responding and the court's extension of time for a response. Plaintiff apparently has conducted no discovery other than a single, invalid attempt to obtain records regarding Kingwood employees "Sendy Sopchak" and "Yvette Laugere" through a trial subpoena.[3] These circumstances raise two initial questions. First, does plaintiff's failure to respond to defendants' motion entitle defendants to relief by default? Second, if plaintiff's default does not entitle defendants to judgment automatically, is the motion unripe due to lack of discovery?

 The court may not grant summary judgment for the sole reason that the party against whom it is directed fails to file an appropriate opposition. *John v. State of Louisiana (Bd. of Tr. for State Coll. and Univ.),* 757 F.2d 698, 708 (5th Cir.1985); *see also Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir.2001). Rather, the court may grant summary judgment only if the motion itself demonstrates both the absence of genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.;* Fed.R.Civ.P. 56(c).

Nevertheless, failure to respond can result in entry of summary judgment. As recited earlier, when confronted with a facially meritorious motion for summary judgment, a non-movant must produce *evidence* sufficient to establish a genuine issue of material fact on every essential element of the claim asserted in the action. In many instances, lack of a response means non-production of evidence which, for analytical purposes, equates to failure to raise a genuine issue of material fact.

 As for the second issue, defendants' motion clearly is not premature. The court is not precluded from considering merits of a summary judgment motion when adequate time for discovery has elapsed. *See Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. Here, discovery was permitted under the court's scheduling order as early as August of 2005. Plaintiff has squandered the opportunity to conduct discovery for almost a year. If plaintiff is hindered at this late date in responding to defendant's motion due to lack of discovery, such disadvantage is of her own making and is not a web of the court's weaving.

### B. Claims Against Supervisors Olvera and Pilette

Title VII only authorizes private suits against "employers." 42 U.S.C. § 2000e(b) (2003); *Ackel v. National Communications, Inc.,* 339 F.3d 376, 382 (5th Cir.2003); *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir.1999). The term employer includes "any agent," but this circuit interprets that statute as not imposing individual liability. *Indest,* 164

---

**3.** Rule 34(b), Federal Rules of Civil Procedure, requires that requests for production by a *party* on other parties during the pretrial phase (a) describe each individual item to be inspected "with reasonable particularity", and (b) specify "a reasonable time, place, and manner of making the inspection." Al-

though plaintiff inappropriately issued a trial subpoena on defendants, most importantly, the subpoena failed to include a request that followed the *reasonable particularity* requirement of Rule 34(b). Plaintiff claims she has since complied with Rule 34(b).

F.3d at 262; *see, also, Grant v. Lone Star,* 21 F.3d 649, 652 (5th Cir.1994). The circuit's rationale is that Congress's intent was to create *respondeat superior* liability under Title VII, and holding otherwise would allow double recovery for the same act. *Indest,* 164 F.3d at 262.

In sum, neither Ms. Olvera nor Ms. Pilette is plaintiff's employer for Title VII purposes. Each of these defendants is entitled to dismissal of claims asserted because plaintiff fails to state a claim upon which relief can be granted. *See id.* at 262.

### C. Claims Against HCA Inc.

As noted above, an employment relationship between the plaintiff and the defendant is a prerequisite to maintaining a Title VII action. 42 U.S.C. § 2000e(b) (2003). Title VII defines "employers" as "persons who [have] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Id.* However, Title VII's scope is not necessarily limited to direct or titular employers. Superficially distinct entities may be exposed to Title VII liability when they and the direct employer comprise a single, "integrated enterprise." *Trevino v. Celanese Corp.,* 701 F.2d 397, 403–404 (5th Cir. 1983). To determine when an integrated enterprise exists, courts consider four factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Chaiffetz v. Robertson Research Holding, Ltd.,* 798 F.2d 731, 735 (5th Cir.1986); *Trevino,* 701

F.2d at 404. Further, circuit precedent places the "highest importance" on the second factor, focusing its inquiry to determine "what entity made the final decisions regarding employment matters related to the person claiming discrimination." *Chaiffetz,* 798 F.2d at 735.

In support of its motion for summary judgment, HCA Inc. submits an affidavit of Samuel J. Coulter, Vice President of Employee Relations for HCA Inc. That affidavit states that (a) Kingwood Medical Center is simply an affiliate of HCA Inc.; (b) HCA Inc. does not manage, direct or control operations of Kingwood Medical Center; (c) HCA Inc. never employed plaintiff; and (d) HCA Inc. has no employees whatsoever. These sworn assertions, unless controverted, demonstrate that HCA, Inc. and Kingwood Medical Center are not an integrated enterprise as required for Title VII purposes.[4]

Plaintiff's failure to respond results in her showing no *evidence* that HCA Inc. and Kingwood Medical Center are an integrated enterprise. She fails to raise a genuine issue of material fact as to whether HCA Inc. is an employer as defined by Title VII. Nor has she shown that an employment relationship existed between her and HCA Inc. Therefore, HCA Inc. is entitled to dismissal of claims asserted against it.

### D. Claims Against Kingwood Medical Center

Plaintiff was employed by Kingwood before resigning. Unquestionably, Title VII authorizes a private cause of action against Kingwood, plaintiff's direct employer, for race-based discrimination,[5] and also for re-

---

**4.** The affidavit's undefined term, "affiliate," could be a lawyer drafted weasel word that obfuscates and obscures the true relationship between HCA Inc. and Kingwood Medical Center. However, the Coulter affidavit is otherwise explicit and sufficient to refute any

suggestion that the two distinct entities constitute an integrated enterprise.

**5.** *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800–01, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

taliation for engaging in protected activity to remedy such discrimination.[6]

Kingwood nevertheless argues that these claims should be dismissed summarily. Kingwood's motion does not present its side of the story regarding the two promotion events or the disciplinary incident. Rather, Kingwood simply argues that plaintiff presents no *evidence* sufficient to raise a genuine issue of material fact as to each element of a *prima facie* case of discrimination or retaliation notwithstanding having adequate time for discovery.

### 1. *Discrimination*

 There is a clear and important distinction between adverse employment actions that are unfair *generally* and unfair actions *because of* race, color, sex, etc. Title VII protects employees only from the latter. That distinction, however, often is blurred by persons bringing Title VII actions, thus compelling courts to clarify that a necessary element of proof is a showing that an employer intentionally discriminated against an employee because of the employee's *protected status*. *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). That requires a showing of racial, gender, etc. motivation behind the challenged employment decision. *Id.; Hazen Paper Co. v. Biggins,* 507 U.S. 604, 612, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993); *U.S. Postal Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). To emphasize that point, courts quickly dispelled the notion that employment discrimination laws are *"intended to be a vehicle for judicial sec-* ond-guessing of business decisions, [or] ... to transform the courts into personnel managers."*[7] Similarly, courts observed that management does not have to make proper decisions, but only non-discriminatory ones.[8]

Predictably, employer defendants in Title VII actions contended early on that plaintiffs had no evidence that a protected trait (e.g., race, sex, etc.) motivated their employment actions. Utilizing Rule 56, Federal Rules of Civil Procedure, employers requested summary dismissals. It was incumbent on the courts, therefore, to devise a method to winnow the wheat from the chaff, i.e., develop an analytical framework for pretrial determinations of which cases should be dismissed without trial, while insuring that important Congressional goals of eliminating invidious discrimination in the workplace and remedying it through private suits were not diluted or impugned.

Such an evaluative model was established definitively in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). There, the court articulated a burden-shifting test. A plaintiff must first create a presumption of discrimination by making out a *prima facie* case of prohibited discrimination. The burden of production then shifts to the defendant to establish legitimate non-discriminatory reasons for its actions. The burden of production then shifts back to the plaintiff to show that the defendant's proffered reasons are pretext. Failure to carry the burden at any stage results in the opposite party prevailing on the motion for summary judgment.

---

**6.** See *Haynes v. Pennzoil Co.,* 207 F.3d 296, 300 (5th Cir.2000).

**7.** See *Bienkowski v. Am. Airlines, Inc.,* 851 F.2d 1503, 1507–08, (5th Cir.1988).

**8.** See *Little v. Republic Refining Co.,* 924 F.2d 93, 97 (5th Cir.1991) (stating that "even an incorrect belief than an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason" for termination).

The *McDonnell Douglas* test continues to date. However, as a result of statutory amendments contained in the Civil Rights Act of 1991,[9] plaintiffs may now satisfy their stage-three burden alternatively by showing that the defendant's proffered reason, while true, was only one reason for its conduct, and another motivating factor was the plaintiff's protected status. Courts refer to this alternative approach as the "modified *McDonnell Douglas*" or "mixed motive" standard. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir.2004).

When a claim of discriminatory failure to promote is involved, the elements of a *prima facie* case are:

(1) plaintiff belongs to a protected group;

(2) plaintiff was qualified for the position sought;

(3) plaintiff was rejected; and

(4) after plaintiff was rejected, the employer promoted or continued to seek other candidates not in the protected group.

*Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir.2000); *Grimes v. Texas Dept. Of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir.1996).

Plaintiff's complaint, liberally construed, probably *alleges* a cognizable discriminatory promotion claim. However, a plaintiff may not rest on mere allegations, but must respond to a motion for summary judgment by setting forth specific *facts* indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. Of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). This means, a nonmoving party "must go beyond the pleadings *and by her*

own affidavits, or by the '*depositions, answers to interrogatories, and admissions on file,*' designate 'specific facts showing there is a genuine issue for trial.'" *Id.* at 536 (citing *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548) (emphasis added).

Governing circuit law permits the court to consider factual averments in a *pro se* litigant's verified pleadings (or pleadings submitted under penalty of perjury or of making a false statement) as controverting evidence. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir.2003); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Here, however, plaintiff's complaint is unverified, and therefore does not constitute competent summary judgment evidence. *King*, 31 F.3d at 346; *Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir.1988).

Since plaintiff's unverified complaint is insufficient to controvert Kingwood's motion, plaintiff's failure to respond to the motion with admissible evidence designating specific facts showing a genuine issue for trial is fatal to her claim. Simply put, plaintiff fails to go beyond her pleadings. Hence, Kingwood is entitled to summary judgment.

2. *Retaliation*

Actionable retaliation requires proof that (1) a plaintiff engaged in an activity protected by Title VII, (2) the employer took adverse employment action against the plaintiff, and (3) a causal connection exists between the protected activity and the adverse employment action. *Haynes*, 207 F.3d at 299. The burden-shifting structure applicable to Title VII disparate treatment cases, as set forth in *McDonnell Douglas*, is applicable to unlawful retaliation cases as well. *Id.* Here again, plaintiff rests on allegations of un-

---

9. Pub. L. No. 102–166, 105 Stat. 1071 (1991).

verified pleadings. That does not controvert Kingwood's motion.

Plaintiff's retaliation claim is fatally flawed for an additional reason. Her allegation that defendants retaliated against her because she informed a corporate ethics hotline about their failure to promote her is conclusory. Conclusory allegations and legal conclusions generally fail to state a claim upon which relief can be granted. *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995). That rule applies equally to retaliation claims. *See Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995).

### CONCLUSION AND RECOMMENDATION

This is not an instance when a sophisticated defendant with licensed counsel is taking unfair advantage of a lay adversary proceeding *pro se* by relying on technical procedural rules. In an earlier order extending the deadline for plaintiff to respond to defendants' summary judgment motion, the *court* advised plaintiff of the requirements for properly responding. The *court* notified plaintiff that she would need to designate specific facts showing a genuine issue for trial; that she could not rest on the mere allegations or denials of her pleadings, and that any response must be submitted under penalty of perjury or for making a false statement. The *court* even demonstrated how to do that. The court's order stated specifically:

> Plaintiff must subscribe in her handwriting at the bottom of her written notice and response, *"I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]."* This statement must be followed by plaintiff's signature. *See* 28 U.S.C. § 1746 (2006).

*See Order Re Motions to Dismiss and For Continuance* (Docket No. 22) (filed and entered on May 24, 2006).

Notwithstanding numerous continuances, deadline extensions and explicit instructions from the court as to when and how to respond to defendants' motion for summary judgment, plaintiff has failed to controvert defendants' facially valid motion. The court, therefore, should grant defendants' motion for summary judgment and dismiss this action.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).