United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 04-60192

(Summary Calendar)

————————

BRITTON MOSLEY, SR,

Plaintiff - Appellant,

versus

MARION COUNTY, MISSISSIPPI; MARION COUNTY SHERIFF'S DEPARTMENT; RICHARD STRINGER, In his official capacity as Sheriff of Marion County, Mississippi,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
USDC No. 2:01-CV-310-SRO

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Appellant, Britton Mosley, Sr., appeals the district court's grant of summary judgment

dismissing his suit for employment discrimination and retaliation under Title VII of the Civil Rights

———————————

*        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act of 1964 and for relief under 42 U.S.C. § 1983.

We review the district court's order granting summary judgment *de novo*. *Melton v. Teachers Inc. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In reviewing the record, we do so in the light most favorable to the non-moving party and the non-moving party is entitled to all reasonable inferences that may be drawn from the facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Mosley alleges hostile work environment and race discrimination claiming he was subjected to verbal harassment, physical threats, and attempted conspiracy to plant illegal drugs in his possession. In order to prove a prima facie hostile work environment claim, Mosley must establish five essential elements: (1) the employee belongs to the protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *See Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). In order for harassment to affect a term, condition or privilege of employment, it must be "sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." *Id*. at 510.

Mosley identified eight incidents that he contends ) ) considered together ) ) created a hostile work environment. After reviewing the record and briefs submitted by the parties, we agree with the district court's analysis and finding that there is no admissible evidence sufficient to create a

-2-

genuine issue of material fact in support of the plaintiff's claims. Mosley's claims are either supported by no admissible evidence, no evidence to refute that offered by the defendant, or no evidence offered to demonstrate that defendants' actions were racially motivated. Mosley has, however, offered evidence of three incidents involving the use of racial slurs. We agree, however, with the district court's conclusion that these claims alone are insufficient to establishing a general issue of material fact for Mosley's hostile work environment claim under Title VII.

Mosley also alleges that his pay was docked as retaliation for having filed a complaint with the EEOC, charging that he was not paid for accumulated, unused compensatory leave for the pay period ending February 15, 2001. When Mosley returned to work his pay resumed at its normal rate for the last seven months of his employment. "In order to prove a prima facie case in a retaliation claim the employee must show: (1) that the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between the protected activity and the adverse employment action." *Haynes v. Pennzoil Company*, 207 F.3d 296, 299 (5th Cir. 2000). In order to prevail on his retaliation claim, Mosley thus had to demonstrate that Appellees had no justification for reducing his pay for the period ending February 15, 2001. As the district court noted, there is no evidence in the record to contradict Catherine Williamson's affidavit stating that Mosley's accumulated compensation time was exhausted, thus establishing a non-discriminatory and non-retaliatory reason for the decrease in Mosley's pay for the pay period ending February 15, 2001. The EEOC determination alone is not sufficient to contradict Appellee's non-discriminatory reason for Mosley's decrease in pay. *Price v. Federal Express Corp.*, 283 F.3d 715, 725 (5th Cir. 2002). Thus, we affirm the District Court's determination that there is no genuine issue of material fact in support of plaintiff's retaliation claim.

Accordingly, the judgment of the district court is AFFIRMED.