# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

No. 09-50951

Lyle W. Cayce
Clerk

LUCILLE MCKEE, also known as Lucille McKee Mackey,

Plaintiff - Appellee

v.

KAREN LANG; SUSAN GREEN-COX; KATHY ROBINSON,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CV-105

Before CLEMENT, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal arises from appellee Lucille McKee's ("McKee") suit against appellants Karen Lang ("Lang"), Susan Green-Cox ("Cox"), and Kathy Robinson ("Robinson") alleging violations of 42 U.S.C. § 1985(3).  Appellants take this interlocutory appeal from the district court's denial of their motion to dismiss on the basis of qualified immunity.  They contend the district court erred when it concluded: (1) qualified immunity does not apply to claims arising under 42 U.S.C. § 1985(3), and (2) even if it could apply, appellants were not entitled to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50951

immunity in light of McKee's specific § 1985(3) allegations. We hold that the district court's conclusion as to the availability of qualified immunity in § 1985(3) suits runs contrary to the binding precedent of this court. Additionally, we hold that the district court erred as a matter of law when it concluded the course of conduct alleged in McKee's complaint was objectively unreasonable under clearly-established law. Accordingly, we REVERSE and REMAND for entry of judgment in favor of appellants.

## I. FACTUAL & PROCEDURAL BACKGROUND

McKee worked as a teacher's aide for Midland Independent School District ("Midland"). McKee alleges that Midland and the appellants conspired to violate her civil rights in violation of 42 U.S.C. § 1985(3) by subjecting her to a hostile work environment and by retaliating against her for both opposing unlawful conduct and filing a charge with the Equal Employment Opportunity Commission in November 2007. Specifically, McKee's complaint alleges three instances of injurious conduct. First, she claims Lang and Cox, her co-workers, referred to her as a "token" sometime during May 2007. Second, she claims Robinson, the supervising principal, failed to take corrective action once informed of the "token" comment. Third, she alleges that she was subjected to a screening of a "black-face" video in a common area occupied by students and fellow employees in December 2007. She alleges in her complaint that Cox was singly responsible for the screening of the video. McKee made no other factual allegations regarding appellants in her complaint or as part of her response to appellants' motion to dismiss.

McKee sued Midland in federal district court. In her second amended complaint against Midland she added Lang, Cox, and Robinson as co-defendants. The second amended complaint alleged violations of Title VII and 42 U.S.C. § 1981 against Midland and a violation of 42 U.S.C. § 1985(3) against all of the defendants. The district court granted Midland's motion for partial dismissal,

dismissing the § 1981 and 1985(3) claims against it and holding as to the § 1985(3) claim that Midland and the appellants could not conspire to deprive McKee of her civil rights as they constituted a single entity under the intracorporate conspiracy doctrine.

However, the district court denied the individual defendants' (the only appellants here) motion to dismiss the 1985(3) claims against them. The court held that (1) qualified immunity does not apply to § 1985(3) claims and, in the alternative, (2) McKee's complaint demonstrates a course of conduct that was objectively unreasonable in light of clearly established law.[1] Appellants timely appealed.

## II.  STANDARD OF REVIEW

The court has appellate jurisdiction to review a district court's order denying a motion to dismiss on the basis of qualified immunity to the extent that the it turns on an issue of law. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251 (5th Cir. 2005). We review the district court's denial of the qualified immunity defense de novo, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *Id.* at 251-52. In an interlocutory appeal of a denial of qualified immunity, we may only consider whether "a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc).

## III. DISCUSSION

Appellants contend: (1) the district court erred when it concluded qualified immunity does not apply to claims arising under 42 U.S.C. § 1985(3), and (2)

---

[1] The district court also instructed McKee, within thirty days and on penalty of dismissal, to file a more definite statement of her § 1985(3) claim showing a basis independent of Title VII or § 1981. McKee did not abide by this order, but the court did not enforce its penalty. Approximately sixty days after ordering her to amend, it stayed the case pending appeal.

they were entitled to immunity under the factual allegations advanced in McKee's complaint. McKee opposes both contentions and submits that this court does not have jurisdiction to determine whether appellants are entitled to qualified immunity. We address each issue in turn.

A. The Availability of Interlocutory Jurisdiction

McKee alleges that the court is without jurisdiction to hear this interlocutory appeal. Her argument is without merit. The district court's order dispositively addresses the question of qualified immunity when it states: "The Defendants' Motion to Dismiss . . . is DENIED IN PART because the Employee Defendants are not entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1985(3) claim." Though the district court granted McKee leave to amend, it only did so to allow her to clarify what deprivation she suffered rather than to add to the facts underlying appellants' alleged conspiracy. The district court definitively denied qualified immunity to appellants, subjecting them to further litigation. Thus, contrary to McKee's argument, the district court's order constitutes a final "collateral order" conferring interlocutory jurisdiction on this court. *See Will v. Hallock*, 546 U.S. 345, 349 (2006) (defining an appealable "collateral order" as an order that conclusively determines an important issue that is separate from the merits in such a way as to render the district court's resolution of that issue unreviewable on appeal from a final judgment).

B. Whether Qualified Immunity Applies to 42 U.S.C. § 1985(3) Suits

The district court concluded that qualified immunity is unavailable to public officials accused of wrongdoing under 42 U.S.C. § 1985(3). In *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997), this court held that a defendant "ha[d] qualified immunity as to [the plaintiff's] claims against him under section 1983 and section 1985(3)." *Id.* at 556. The court even clarified in a footnote that the § 1985(3) claim failed under the first prong of qualified immunity analysis because the plaintiff failed to state a constitutional

violation. *Id*. at 556 n.30. Thus, this court has found that defendants may assert qualified immunity in response to claims arising under § 1985(3). *Southard* is binding precedent and controls here. The district court therefore erred in concluding that qualified immunity is unavailable to public officials accused of wrongdoing under § 1985(3).

C. Whether Qualified Immunity Was Appropriate Under the Facts As Pled

In the alternative, the district court held that McKee's allegations were sufficient to overcome qualified immunity. As the district court noted, we take the well-pleaded facts of the complaint as true and construe those facts in the light most favorable to the plaintiff when assessing a motion to dismiss based upon qualified immunity. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). Viewed properly, McKee's complaint does not allege a course of conduct creating such a violation.

Under the Supreme Court's two-pronged qualified immunity framework, the district court was required to assess whether "a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Kinney*, 367 F.3d at 346. Here, the district court accepted McKee's conclusory allegation of a hostile work environment as true without conducting the necessary review of the specific facts constituting the alleged "course of conduct." This led it to the erroneous conclusion that McKee had made out a clearly established violation of a constitutional right. The actual—and limited—facts alleged by McKee do not support that conclusion.

However, what must be reviewed is not the plaintiff's conclusion that she suffered a hostile work environment but the facts underlying that conclusion. Those facts, taken as true, are that two of the appellants called McKee a "token" on one occasion, Robinson allegedly failed to take corrective action when McKee complained one time, and Cox allegedly caused a video including black-face depictions to be shown in a school common area. As discussed more fully below,

while such alleged conduct is reprehensible, without more, it is insufficient to support a finding of hostile work environment. Thus, no available case law could have made clear that these acts would have violated clearly established legal rules at the time of the alleged violation. *See Beltran v. City of El Paso*, 367 F.3d 299, 303 (5th Cir. 2004) ("[T]he court must determine whether the official's conduct was objectively reasonable in light of the clearly established legal rules at the time of the alleged violation.").

Rather, the available case law strongly demonstrates that, while understandably offensive, the acts alleged are less severe than a variety of actions that this court has deemed insufficient to create a hostile work environment. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (repeated but infrequent racially-offensive comments deemed insufficient to state a claim); *Rowan Cos. v. Miller*, 180 F.3d 265, 1999 WL 301864, at *1-2 (5th Cir. 1999) (unpublished table decision)[2] (affirming summary judgment notwithstanding plaintiff's presentation of evidence of racial slurs and overt acts of intimidation); *Baker v. FedEx Ground Package Sys., Inc.*, 278 F. App'x 322, 324 n.1, 329 (5th Cir. 2008) (unpublished) (similar). In fact, cases involving more similar incidents of racially-inappropriate behavior have found such conduct to be insufficient to raise an actionable claim. *See, e.g.*, *Mosley v. Marion County*, 111 F. App'x 726, 728 (5th Cir. 2004) (unpublished) (holding that evidence of three incidents involving racial slurs was insufficient to support a hostile work environment claim); *Pickens v. Shell Tech. Ventures, Inc.*, 118 F. App'x 842, 850 (5th Cir. 2004) (unpublished) (holding that a cultural presentation including a skit with characters in black-face and racially-insensitive comments made to plaintiff regarding the skit did not create a hostile work environment). In light of this authority showing the level to which

---

[2] While unpublished cases are not precedent, they are cited here to give examples of the cases available to appellants.

No. 09-50951

allegations must rise to state a claim for a racially-hostile work environment, a reasonable government official would have lacked clear guidance suggesting the alleged course of conduct ran afoul of a constitutional or statutory right.

Without a doubt, such conduct should not occur. However, the district court erred in concluding that McKee had alleged "a certain course of conduct [that] would, as a matter of law, be objectively unreasonable in light of clearly established law" with her limited allegations of three discrete acts of offensive conduct and the single omission of one supervisor. Accordingly, appellants were entitled to qualified immunity as a matter of law based on the course of conduct alleged in McKee's pleadings.

## IV.  CONCLUSION

For the reasons set forth above, we REVERSE the district court's denial of appellants' motion to dismiss and REMAND for entry of judgment in favor of appellants.