# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2022

Lyle W. Cayce
Clerk

No. 21-30150

ANTHONY J. WOODS,

*Plaintiff—Appellant*,

*versus*

LATOYA CANTRELL, *Mayor, officially*; NEW ORLEANS CITY, *officially*; FRENCH MARKET CORPORATION, *officially*; RHONDA SIDNEY, *officially and individually*; N'GAI SMITH, *officially and individually*; ROBERT MATTHEWS, *officially*; ELIZABETH S. ROBINS, *officially and individually*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-482

Before JOLLY, WILLETT, and OLDHAM, *Circuit Judges*.

E. GRADY JOLLY, *Circuit Judge*:

This case comes to us from a Rule 12(b)(6) dismissal of Anthony J. Woods's complaint. Woods's complaint alleges that his prior employer, French Market Corporation, violated Title VII by discriminating against him on the basis of race and religion and by subjecting him to a hostile work environment. He also alleges violations of other civil rights statutes, including section 1981 for race discrimination, section 1983 for violating his

No. 21-30150

First Amendment right to speech and Fourteenth Amendment right to due process, and section 1985 for conspiracy to violate his civil rights. Most of the claims Woods alleged are conclusory and cannot support any cognizable, triable claim.

Liberally construing Woods's *pro se* appeal, Woods raises many of the same issues that he alleges in his complaint, and it is certainly true that his complaint is extensive. But it is also true that the district court issued a detailed Order and Reasons of forty-four pages responding to each claim, which we have carefully examined. We can find no reversible error in the district court's Order and Reasons, except in one respect: the hostile work environment claim.

For his hostile work environment claim, Woods's complaint specifically alleges that in the presence of other employees, Woods's supervisor, N'Gai Smith, a person of Hispanic descent, directly called him a "Lazy Monkey A__ N_____."[1] This allegation is specific, and unlike the majority of Woods's other allegations, non-conclusory. The district court dismissed Woods's hostile work environment claim because "a single utterance of a racial epithet, despicable as it is, cannot support a hostile work environment claim."

We think that the district court erred in this one respect. It is true that this court has indicated that a single instance of a racial epithet does not, in itself, support a claim of hostile work environment. *See, e.g.*, *Mosley v. Marion Cnty.*, 111 F. App'x 726, 728 (5th Cir. 2004) (per curiam) (finding no hostile work environment despite three incidents involving a racial slur). We have further said, however, that "[u]nder the totality of the circumstances test, a single incident of harassment, if sufficiently severe, [can] give rise to a viable

---

[1] The racial epithet is not further spelled out anywhere in the record.

No. 21-30150

Title VII claim." *See, e.g.*, *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 400 (5th Cir. 2007).

As other circuits have recognized, "[p]erhaps no single act can more quickly 'alter the conditions of employment and create an abusive working environment' than the use of an unambiguously racial epithet such as [the N-word] by a supervisor in the presence of his subordinates." *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see also Alston v. Town of Brookline,* 997 F.3d 23, 47 (1st Cir. 2021); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 280 (4th Cir. 2015); *Ellis v. Houston*, 742 F.3d 307, 325-26 (8th Cir. 2014); *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) (per curiam); *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 24 (2d Cir. 2014); *McGinest v. GTE Serv.*, 360 F.3d 1103, 1116 (9th Cir. 2004). The N-word has been further described as "a term that sums up . . . all the bitter years of insult and struggle in America, [a] pure anathema to African-Americans, [and] probably the most offensive word in English." *Ayissi-Etoh*, 712 F.3d at 580 (Kavanaugh, J., concurring) (citations omitted).

The incident Woods has pleaded—that his supervisor directly called him a "Lazy Monkey A___ N_____" in front of his fellow employees—states an actionable claim of hostile work environment. *Ayissi-Etoh*, 712 F.3d at 580 (Kavanaugh, J., concurring) ("[I]n my view, being called the n-word by a supervisor—as [plaintiff] alleges happened to him—suffices by itself to establish a racially hostile work environment."). Furthermore, if supported with adequate proof, Woods could be entitled to emotional and other damages that have been alleged. *See* 42 U.S.C. § 1981a (allowing compensatory damages, including for "emotional pain" and "mental anguish," and punitive damages for certain claims brought under the civil rights statutes); *see also Henry v. Corpcar Servs. Hous., Ltd.*, 625 F. App'x 607,

No. 21-30150

617 (5th Cir. 2015) (per curiam) (affirming the award of damages for a hostile work environment claim involving a single incident of racial harassment).

Accordingly, we remand for further consideration not inconsistent with this opinion. In all other respects, the district court judgment is affirmed.

AFFIRMED in part. REVERSED in part. REMANDED.